## HARRIS *v.* STATE.

Opinion delivered January 23, 1928.

HOMICIDE—IMPEACHMENT OF ACCUSED.—In a prosecution for murder. in which the accused claimed that he killed deceased in self-defense, and testified that ill feeling existed between him and deceased after deceased's sale of the merchandise business to him, testimony that deceased went to wholesalers with accused to introduce accused and help him buy goods, contradicting accused's testimony that deceased went to wholesalers to buy goods for himself, *held* admissible, both as contradicting accused's testimony regarding ill feeling and as showing who was the probable aggressor.

, Appeal from Hot Spring Circuit Court; *Thomas E. Toler,* Judge; affirmed.

*Robert L. Rogers, H. B. Means* and *Sam Robinson,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McHANEY, J. Appellant was indicted on a charge of murder in the first degree for the killing of Ellis Nacklie. He was convicted of murder in the second degree, and sentenced to twenty-one years in the penitentiary. By this appeal he seeks to reverse this case on the following assignment of error only:

"The court erred in allowing the witness, Mrs. Ellis Nacklie, to testify on rebuttal, in regard to deceased taking the defendant to St. Louis with him after the sale of said stock of goods, introducing him to the trade and trying to establish a credit for the defendant in St. Louis, and helping buy goods and merchandise for the store at Malvern." •

The record reflects that appellant had testified, on direct examination, that deceased had beat him out of about $1,500 in the sale of a merchandise business to him; that he misrepresented everything regarding the sale, and charged him twice for the same goods, did not give him any invoices, and that they fell out about that. On cross-examination he testified that there had been ill feeling between him and deceased ever since he purchased

the business and store of deceased, and was asked, on cross-examination, if the deceased did not go with him to St. Louis, after the sale, and introduce him to some of the wholesale houses, and assist him to get a line of credit with them, which he answered in the negative. After the defendant had closed his case, the State was allowed, over objection of appellant, to ask Mrs. Nacklie the following question, and permit her to give the following answer:

"Q. You heard the statement of Harris that, when your husband was selling, or after he sold out to Gust, he went to St. Louis, and your husband bought goods to send to Florida? A. No; he went to St. Louis to introduce him to the wholesale stores up there and to help him buy goods; we did not buy any goods for Florida; he was in the real estate business in Florida; we didn't go in any business in Florida, and he didn't buy any goods for himself."

Appellant contends that this was error, in that it permitted the impeachment of appellant by contradicting him on an immaterial collateral matter, which was brought out by the State from appellant on cross-examination. If this were an immaterial collateral matter, appellant would be right in this contention, but, as we view it, it is neither immaterial nor collateral, as it tended to contradict appellant in his statement that bad feeling had existed between them on account of the sale of the store ever since it was consummated, and tended to clarify the question as to who was the probable aggressor in the fatal encounter.

In the case of *Prewitt* v. *State,* 150 Ark. 279, 234 S. W. 35, Prewitt was indicted, charged with the murder of one Hastings. They had theretofore been good friends, but the trouble arose over an alleged remark that Prewitt had made about Mrs. Hastings, mother of the deceased, which he construed as reflecting on his mother, and which had been repeated to Mrs. Hastings by Mrs. Prewitt in the presence of Mrs. Harding. The defendant offered to prove by Mrs. Harding that she was present and heard

the conversation between Mrs. Prewitt and Mrs. Hastings, and that it was to the effect that Mr. Prewitt had remarked about how often he saw Mrs. Hastings on the street, and how spry and youthful she appeared to be, and that the remark was a facetious compliment on Mrs. Hastings' youthful appearance, and nothing in it susceptible of a construction derogatory to Mrs. Hastings' character. The lower court refused to permit Mrs. Harding to so testify. Prewitt was permitted to testify that he told deceased that he had made no remark reflecting on his mother, and that he would be glad to explain and apologize, if deceased desired an apology. Prewitt was convicted, and, on appeal to this court, the case was reversed because of the refusal of the court to permit Mrs. Harding to testify, and this court said:

"In the very recent case of *Avey* v. *State,* 149 Ark. 642, 233 S. W. 765, we held that proof of a motive for the killing was not a collateral matter. We there said: 'This court has many times held that the State is not required to prove a motive to establish the guilt of one accused of homicide; but the court has also held that, as the absence of a motive is a circumstance tending to show innocence, the State may show the existence of a motive for taking the life of a decedent, to be considered with other facts and circumstances in determining the guilt or innocence of the accused.' "

So here the testimony of Mrs. Nacklie was not collateral, but was in contradiction of appellant's statement that bad feeling had existed between them since the sale of the stock of goods. Moreover, appellant contends that he killed deceased in self-defense. He admits the killing of deceased, and the sole question then at issue was as to who was the probable aggressor, and this testimony of Mrs. Nacklie tended to throw light on this important point at issue.

We find no error in the admission of this testimony, and the judgment is accordingly affirmed.